UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

COREY S.,

Plaintiff,

v. 5:20-CV-0678 (ML)

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

APPEARANCES: OF COUNSEL:

OLINSKY LAW GROUP HOWARD OLINSKY, ESQ.
*Counsel for Plaintiff*
250 S. Clinton Street, Suite 210
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN. JESSICA RICHARDS, ESQ.
*Counsel for Defendant*
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

MIROSLAV LOVRIC, United States Magistrate Judge

**DECISION AND ORDER**

Plaintiff Corey S. ("Plaintiff") initiated this action in 2020 to challenge an unfavorable determination by the Commissioner of Social Security ("Commissioner" or "Defendant"), denying his applications for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI"). Having prevailed in this court, his counsel now seeks an award of

attorney's fees and other expenses, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[1]

While not contending that the amount sought is unreasonable or unsupported, the Commissioner opposes the instant EAJA application, arguing that the government's position in this action was substantially justified. (*See generally* Dkt. No. 17.) For the reasons set forth below, I agree and therefore, deny Plaintiff's EAJA fee application.

## I. BACKGROUND

On May 1, 2017, Plaintiff filed applications for SSDI and SSI, alleging that he became disabled on September 23, 2016, due to back, neck and shoulder injuries sustained in a motor vehicle accident. Following a hearing conducted on February 13, 2019, Social Security Administrative Law Judge ("ALJ") David Romeo issued a decision on March 4, 2019, in which he denied Plaintiff's application for benefits. ALJ Romeo's decision became a final determination of the agency on April 17, 2020, when the Appeals Council denied Plaintiff's request for review on April 17, 2020.

Plaintiff commenced this action on June 17, 2020, pursuant to 42 U.S.C. § 405(g). (Dkt. No. 1.) On July 13, 2021, I issued a written memorandum-decision and order in which, after applying the requisite deferential standard of review, I found that the Commissioner's determination did not result from the application of proper legal principles and was not supported

[1] Plaintiff's application, which was filed on October 7, 2021, is timely. Under 28 U.S.C. § 2412(d)(1)(B), a petition for fees under the EAJA must be filed within thirty days of the entry of final judgment. A judgment is deemed final when it is no longer appealable. 28 U.S.C. § 2412(d)(2)(G). In this case the underlying judgment became final on September 11, sixty days after its entry on July 13, 2021. *See* Fed. R. App. P. 4.

by substantial evidence.[2] (Dkt. No. 14.) My decision ordered that judgment on the pleadings be granted to Plaintiff vacating the Commissioner's determination and remanding the matter to the agency for further proceedings, without a directed finding of disability. (*Id.*) A judgment implementing that order was subsequently issued, also on July 13, 2021. (Dkt. No. 15.)

On October 7, 2021, Plaintiff filed the instant motion seeking attorney's fees under the EAJA in the amount of $5,705.44. (Dkt. No. 16.) The Commissioner responded on October 26, 2021, in opposition to that application, arguing that the government's position in this action was factually and legally reasonable, and that the fee application should therefore be denied. (Dkt. No. 17.) Plaintiff has since filed a reply to the government's opposition and in further support of his EAJA application. (Dkt. No. 20.)

## II. DISCUSSION

### A. Standard to be Applied

The EAJA provides, in relevant part, as follows:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). As can be seen, under the EAJA recovery of an award is mandated when a party prevails against the United States in a civil suit other than a tort action, absent a finding that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *see Rosado v. Bowen*, 823 F.2d 40, 42 (2d Cir. 1987). The EAJA was enacted "to encourage private parties with limited

---

[2] This matter is before me on consent of the parties, pursuant to 28 U.S.C. § 636(c).

funds to challenge unreasonable government actions by relieving successful litigants of litigation expenses when the government's position was not substantially based in law and fact." *Rosado,* 823 F.2d at 42, (citing H.R. Rep. No. 1418, 96th Cong., 2d Sess. 9-10 *reprinted in* 1980 U.S. Code Cong. & Admin. News 4953, 4984, 4988).

To qualify for recovery under the EAJA, a plaintiff must demonstrate that she is (1) a prevailing party; and (2) eligible to receive an award. *See* 28 U.S.C. § 2412(d)(1)(B); *see also Smith v. Astrue,* 10-CV-0053, 2012 WL 3683538, at *1 (N.D.N.Y. Aug. 24, 2012) (Suddaby, J.) (citing 28 U.S.C. § 2412(d)(1)(B)); *Coughlin v. Astrue*, 06-CV-0497, 2009 WL 3165744, at *1 (N.D.N.Y. Sept. 28, 2009) (Mordue, C.J.). In addition, the plaintiff must submit an itemized statement from the attorney appearing on her behalf detailing the time expended and the rates at which the fee request is calculated. *Smith,* 2012 WL 3683538, at *1; *Coughlin*, 2009 WL 3165744, at *1. In the event that a plaintiff satisfies these criteria, her EAJA request may nonetheless be denied in the event of a court finding "that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Coughlin*, 2009 WL 3165744, at *1.

As was previously noted, the Commissioner opposes Plaintiff's application, arguing that the position advanced by the government in this action was "substantially justified." (Dkt. No. 17 at 4-5.) In support of an application for attorney's fees under the EAJA, a plaintiff must allege that the position of the government was not substantially justified. *Mills v. Colvin*, 11-CV-0955, 2013 WL 1499606, at *1 (N.D.N.Y. Apr. 11, 2013) (Sharpe, J.) (citing 28 U.S.C. § 2412(d)(1)(B)). Plaintiff has alleged as much in his EAJA fee application. (Dkt. No. 16, Attach. 1 at ¶ 6 ["It is alleged that the Government's position in litigation was 'not substantially justified.'"].) With that allegation having been made, the burden now falls upon the

Commissioner to establish that her opposition to Plaintiff's application for benefits was substantially justified. *Mills*, 2013 WL 1499606, at *1 (citing *Commodity Futures Trading Comm'n v. Dunn*, 169 F.3d 785, 786 (2d Cir. 1999)); *see also Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81 (2d Cir. 2009) (noting that the burden rests on the government to show that its position was "substantially justified").

The issue of the meaning of the term "substantially justified," for purposes of the EAJA, was before the Supreme Court in the seminal case of *Pierce v. Underwood*, 487 U.S. 552 (1988). In *Pierce*, the Court settled on a test of reasonableness, concluding that the phrase should be interpreted as meaning "justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565; *accord, Green v. Bowen*, 877 F.2d 204, 207 (2d Cir. 1989). In accordance with *Pierce*, the Second Circuit has further construed the term "substantially justified" to mean as "having a 'reasonable basis in both law and in fact.'" *Dunn*, 169 F.3d at 786 (quoting *Pierce*, 487 U.S. at 565); *see Ericksson*, 557 F.3d at 81; *see also* HR No. 96-1418, 96th Cong 2d Sess (1980).

**B. Analysis**

In his application, Plaintiff does not elaborate upon his claim that the government's position in this action was not substantially justified, instead arguing that it is merely a pleading requirement and the burden of establishing that the position of the United States was substantially justified must be shouldered by the government. (Dkt. No. 16, Attach. 7 at 2.)

The fact that the government's position in the case was not accepted by the court does not in and of itself dictate a finding, or even raise a presumption, that the government's position was not substantially justified. *Mills*, 2013 WL 1499606 at *1 (citing *Cohen v. Bowen*, 837 F.2d 582, 585 (2d Cir. 1988)); *see Scarborough v. Principi*, 541 U.S. 401, 415 (2004) (quoting ("Congress

did not, however, want the 'substantially justified' standard to "be read to raise a presumption that the [g]overnment position was not substantially justified simply because it lost the case[.]").

Plaintiff's argument in support of his underlying challenge to the Commissioner's decision alleged, *inter alia*, that the ALJ erred in relying on the testimony of the vocational expert ("VE") that a significant number of jobs existed in the national economy which Plaintiff could perform. (Dkt. No. 9 at 16-17.) More specifically, Plaintiff argued that the position of document preparer is obsolete and the other two positions listed by the VE—food and beverage order clerk and charge account clerk—did not establish the existence of jobs in significant numbers in the national economy. (*Id.*) The Commissioner countered that the case cited by Plaintiff in support of his assertion that the position of document preparer is obsolete (*Sena v. Berryhill*, 17-CV-0912, 2018 WL 3854771, at *16 (D. Conn. Aug. 14, 2018)) did <u>not</u> find that the position was obsolete, and instead merely held that the position was performed differently but even in its newer version, the document preparer position was sill performed at the sedentary exertional level. (Dkt. No. 13 at 25-26.)

As my decision reflects, this was a close case, and the issue presented was one in which reasonable minds could differ. That is reflected by the following excerpt from my decision, which granted Plaintiff judgment on the pleadings:

> However, it must be noted that neither the ALJ nor Plaintiff's counsel questioned the VE on the reliability of his job figures during his testimony, despite the availability of cross-examination. (T. 105-108.) Defendant thus argues that the ALJ could reasonably rely on the VE's testimony as presented during the hearing, and had no duty to further develop the record regarding the number of available positions, because plaintiff failed to object or otherwise challenge the VE's testimony on this point. Indeed, in certain cases, courts have accepted this argument and rejected a request for remand.
>
> However, this court notes that in *Zacharopoulos*, the most analogous case, the ALJ had already identified substantial evidence that the plaintiff could

> perform their prior work, and only reached an "alternative holding" that the individual could also perform the document preparer position, so remand was unnecessary. In this case, the ALJ found that Plaintiff could not perform his prior employment, and the almost certainly obsolete document preparer position is the only representative position that the VE testimony suggested was available in anything close to a significant number of jobs.

(Dkt. No. 14 at 24-25 [internal citations omitted].) In light of this finding, I specifically remanded the matter, not having found persuasive evidence of disability, without a directed finding of disability to determine whether there are jobs that exist in significant numbers that Plaintiff can perform.

In addition, as Defendant argues in her opposition to Plaintiff's pending motion, the two cases I primarily relied upon—within the Second Circuit—in concluding that the document preparer position was obsolete were decided after Defendant filed her responsive brief on January 22, 2021. (Dkt. No. 17 at 4-5 [citing *Zacharopoulos v. Saul*, 19-CV-5075, 2021 WL 235630, at *8 (E.D.N.Y. Jan. 25, 2021); *Kiiroja v. Comm'r of Soc. Sec.*, 20-CV-0078, 2021 WL 934100, at *1-2 (E.D.N.Y. Mar. 11, 2021)).

Based on the foregoing, I conclude that the government's position in this matter was substantially justified, and that Plaintiff is therefore ineligible for the EAJA fee award sought now.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's application for an award of attorneys' fees under the EAJA (Dkt. No. 16) is **DENIED** in all respects.

Dated: June 30, 2022
Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge